**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ESTATE OF JANET HAWORTH, Through Personal Representative Debra McDonald, | : | |
| | : | Case No. 3:26-cv-230 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| ENGLEWOOD HEALTH AND REHAB *et al.*, | : | |
| | : | |
| Defendants. | | |

---

**ENTRY AND ORDER FINDING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 14) AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. NO. 17) MOOT**

---

Currently before the Court are Defendants Brookdale Centennial Park; Brookdale Living Communities, Inc.; Brookdale Senior Living Communities, Inc.; Brookdale Living Communities of Ohio-SP, LLC; Alterra Healthcare Corporation; and JER/NHP Senior Living Acquisition, LLC's (collectively, the "Moving Defendants") 12(b)(1) and (6) Motion to Dismiss ("Defendants' Motion") (Doc. No. 14); as well as Plaintiff Estate of Janet Haworth, Through Personal Representative Debra McDonald's ("Plaintiff") Motion for Leave to Amend Complaint ("Plaintiff's Motion") (Doc. No. 17) (collectively, the "Motions"). For the succeeding reasons, the Court finds both Motions **MOOT**. (*See* Doc. Nos. 14, 17.)

Plaintiff originally filed this case in the Montgomery County Court of Common Pleas against all Defendants for their alleged inadequate care of Janet Haworth in the last few years of her life. (*See* Doc. No. 2 at PageID 119, 121.) Pertinent here, Plaintiff's Original Complaint lists itself as the "Estate of Janet Haworth" and omits any mention of the personal representative of the

Estate. (*See generally id.*) All Defendants subsequently removed the case to this Court on July 8, 2026. (*See generally* Doc. No. 1.) Shortly thereafter, the Moving Defendants filed their Motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (*See generally* Doc. No. 14.) Defendants' Motion asserts two distinct grounds for dismissal, only one of which is relevant for the Court's purposes here. (*Id.* at PageID 192.) Namely, the Moving Defendants argue that "Plaintiff's Complaint should be dismissed because 'Estate of Janet Haworth' is not a real party in interest and lacks standing to bring this lawsuit." (*Id.*) In other words, the Moving Defendants correctly maintain that the present suit should have been brought by the Estate's personal representative, rather than the Estate itself. (*Id.* at PageID 192–93.)

In response to Defendants' Motion, Plaintiff filed various documents. First, Plaintiff filed an Amended Complaint, which corrects the case caption to reflect its proper party name—Estate of Janet Haworth, Through Personal Representative Debra McDonald. (Doc. No. 16 at PageID 231.) Plaintiff timely filed said Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which provides for amendment as a matter of course and does not require leave of court. (*See id.* at PageID 233; *see also* FED. R. CIV. P. 15(a)(1)(B).) In an abundance of caution, and in the event that the Court were to reject Plaintiff's amendment as a matter of course, Plaintiff also filed its Motion, which alternatively requests leave to cure the clerical defects in its Original Complaint. (*See generally* Doc. No. 17.) Crucially, Plaintiff's Motion indicates that "before this action was commenced[,] the Montgomery County Probate Court appointed Debra McDonald as Administrator of Janet Haworth's Estate . . . ." (*Id.* at PageID 251; *see also Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012) ("Standing is determined at the time the complaint is filed.").) Thus, the issue here is not one of standing but rather a mere clerical error. *Cf. Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *3 (6th Cir. Nov. 6, 2023) (finding a lack

of standing where an individual brought suit on behalf of an estate and only later applied for and was appointed administrator of the estate). So, while the Court appreciates Plaintiff's thoroughness, it nevertheless finds Plaintiff's Motion unnecessary, because Plaintiff had already properly filed its Amended Complaint as a matter of course pursuant to Rule 15(a)(1)(B) within the prescribed 21-day window after the Moving Defendants filed their Motion.

Having found the filing of Plaintiff's Amended Complaint (Doc. No. 16) sufficient, the Court further finds that Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 17) is **MOOT**. For that same reason, the Court finds that the Moving Defendants' Motion to Dismiss (Doc. No. 14) is also **MOOT**. Finally, the Clerk is **DIRECTED** to amend the case caption to reflect Plaintiff's proper name—"Estate of Janet Haworth, Through Personal Representative Debra McDonald."

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, August 12, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE